## SHENKELMAN, In Re.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8400. Decided Apr. 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

495. EXTRADITION—601. Habeas Corpus.
In Habeas Corpus proceeding to prevent extradition, claim that motive back of criminal proceeding in sister state is to recover debt, not ground for issuing writ.

Error to Common Pleas.

Judgment affirmed.

Sogg & Woodle, Cleveland, for plaintiff in error.

## FULL TEXT.

VICKERY, J.

This cause came into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below plaintiff brought an action in habeas corpus to prevent his being extradited to the State of Pennsylvania. A transcript of the proceedings in Pennsylvania, so far as we are informed, were regular in every way, which showed that an offense had been committed, and upon the claim made by the authorities in Pennsylvania, the Governor of Ohio granted the requisition and ordered the return of the plaintiff to the State of Pennsylvania, or to be turned over to the Pennsylvania officers, whereupon this habeas corpus proceeding was brought.

It seems that when the Police Prosecutor sought to introduce the transcript of the proceedings in Pennsylvania, which showed a proper proceeding and the charging of a crime, it was objected to by counsel for the plaintiff, and he says that the court did not rule upon it, either rejecting it or admitting it. In any event, when he made up his bill of exceptions, he did not put this transcript of the proceedings of Pennsylvania upon which the Governor allowed the requisition, into the bill of exceptions, and we do not know what the truth is in regard to the matter. We can only assume that the trial court ruled properly and had the proper evidence before him upon which to make his ruling, and inasmuch as no proper bill of exceptions is before the court embodying all the evidence, we are quite at a loss to know how we can reverse this case.

It is argued here that the motive in back of this is to recover a debt. We do not know what that has to do with the proposition. If a crime was charged under the laws of the State of Pennsylvania and the proper papers were filed, and the proper application was made to the Governor, and the Governor allowed the requisition, or granted the requisition, we do not think it becomes the court to interfere with the Executive Department of the State, upon whom is cast the duty of recognizing the judgments and laws of a sister state. We, therefore, must necessarily affirm the judgment.

(Sullivan, PJ., and Levine, J., concur.)